UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEANDRA REYNOLDS,
on behalf of K.A.,

    Plaintiff,

v.

Case No. 1:23-cv-905
Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g).  Plaintiff seeks judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner), which denied supplemental security income (SSI) for KA, plaintiff's daughter and the claimant in this case.[1]

On August 29, 2019, an application for SSI was filed on behalf of the claimant KA, a child under age 18 with an alleged disability onset date of January 1, 2011.  PageID.33.  The administrative law judge (ALJ) held an administrative hearing on October 4, 2022, and entered a written decision denying the claim on October 19, 2022. PageID.33-48.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] The claimant in this case is a child, KA.  Leandra Reynolds, KA's mother, is the nominal plaintiff.

1

I.    LEGAL STANDARD

The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

## II. ALJ's DECISION

### A. Plaintiff's claim for SSI while under age 18

#### 1. Three step sequential evaluation process

The Social Security Act provides that, "[a]n individual under the age of 18 shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The Social Security Administration employs a three-step sequential evaluation process to determine whether an individual under the age of 18 is disabled. *See* 20 C.F.R. § 416.924(a); PageID.34. At step one, ALJ must determine whether the claimant is engaging in substantial gainful activity. *See* 20 C.F.R. § 416.924(b); PageID.34. At step two, the ALJ must determine whether the claimant has a medically determinable "severe" impairment or a combination of impairments that is "severe." *See* 20 C.F.R. § 416.924(c); PageID.34. If the claimant does not have a medically determinable severe impairment, she is not disabled. 20 C.F.R. § 416.924(c). If the claimant has a severe impairment, the analysis proceeds to the third step. PageID.34.

At step three, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or medically equals the criteria of a listing, or that functionally equals the listings. PageID.34. In making this determination, the ALJ must consider the combined effect of all medically determinable impairments, even those that are not severe. *See* 20 C.F.R. §§ 416.923, 416.924a(b)(4), 416.926a(a) and (c); PageID.34. The ALJ explained this determination as follows:

>    In determining whether an impairment or combination of impairments functionally equals the listings, I must assess the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. In making this assessment, I must compare how appropriately, effectively and independently the claimant performs activities compared to the performance of other children of the same age who do not have impairments. To functionally equal the listings, the claimant's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain (20 CFR 416.926a(d)).

PageID.34.

### 2.     ALJ's findings

Claimant was born in 2005.  She was a school-age child when the application was filed (August 29, 2019) and an adolescent on the date of the decision (October 19, 2022). PageID.36.[1]  At step one, the ALJ found that claimant has not engaged in substantial gainful activity since August 29, 2019, the application date.  PageID.36.  At step two, the ALJ found that claimant had a severe impairment of an intellectual disorder.  PageID.36.  At step three, the ALJ found that claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appx. 1.  PageID.37. The ALJ also found that claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings.  PageID.37-48.  In determining functional equivalence, the ALJ found that claimant: has a marked limitation in (1) acquiring and using information; a less than marked limitation in (2) attending and completing tasks; and no limitation in (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for herself, and (6) health and physical well-being.  PageID.41-48.  Accordingly, the ALJ found

---

[1] *See* 20 C.F.R. § 416.926a(g)(2)(iv) (defining "School-age children (age 6 to attainment of age 12)") and 20 C.F.R. § 416.926a(g)(2)(v) (defining "Adolescents (age 12 to attainment of age 18)").

that claimant has not been disabled, as defined by the Social Security Act, since August 29, 2019, the date the application was filed.  PageID.48.

### III.    DISCUSSION

Plaintiff does not contest the ALJ's findings as to acquiring and using information, moving about and manipulating objects, caring for yourself, and health and physical well-being. Plaintiff raised three issues on appeal which related to the second domain (attending and completing tasks) and the third domain (interacting and relating with others).

> **A.    The ALJ violated 20 C.F.R. § 404.1520c during the evaluation of the evidence because he failed to properly consider the mandatory factors of supportability and consistency.**

Plaintiff contends that the claimant has significant difficulties in completing her schoolwork and household chores and her social isolation.  Plaintiff's Brief (ECF No. 25, PageID.356).  The gist of plaintiff's claim is that the ALJ did not address the opinions of Neil Reilly, M.A., the only medical professional who actually examined KA.

For claims filed on or after March 27, 2017, the regulations provide that the Social Security Administration (SSA) "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 416.920c(a).[2]  Rather, the SSA "will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in [the claimant's] record."  20 C.F.R. § 416.920c(b).  In addressing medical opinions and prior administrative medical findings, the ALJ will consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and, (5) other factors.  *See*

---

[2] The Court notes that the regulation cited by plaintiff, 20 C.F.R. § 404.1520c relates to disability insurance benefits. The applicable regulation for plaintiff's claim is 20 C.F.R. § 416.920c ("How we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017").

20 C.F.R. § 416.920c(c)(1)-(5).  The most important factors which the ALJ considers in evaluating medical opinions are "supportability" and "consistency".  20 C.F.R. § 416.920c(b)(2).  The regulations explain "supportability" as, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1) and 416.920c(c)(1).  The regulations explain "consistency" as, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2).

Here, the ALJ summarized Mr. Reilly's findings and opinions with respect to an August 17, 2020 psychological consultative examination report co-signed by James Lozer, Ed.D (Exhibit 3F, PageID.297-303) (the "Reilly/Lozer" report).  PageID.38-39.  However, the ALJ did not address the supportability and consistency of the Reilly/Lozer report or determine whether he found the opinions in the report to be persuasive.  In this regard, the ALJ did address the opinions of the non-examining DDS consultants S. Sood, M.D., Michele Leno, Ph.D., William Venema, M.D., and Matthew Rushlau, Ed. D.  *See* PageID.40-41.  The ALJ found Dr. Sood and Dr. Leno's opinions persuasive, but did not find Dr. Venema and Dr. Rushlau's opinions persuasive as to the first domain.  *Id*.

Based on this record, the ALJ did not address the Reilly/Lozier report as required by 20 C.F.R. § 416.920c.  It is unclear whether the Reilly/Lozier report would demonstrate that plaintiff functionally equals the severity of the listings.  For example, the prognosis in the opinion recognizes that while the claimant has intellectual limitations, "[s]he does not appear to be having

any significant emotional concerns or social issues that impact her day-to-day functioning." PageID.302. Nevertheless, the Court cannot overlook the ALJ's failure to evaluate the persuasiveness of the opinions expressed in the Reilly/Lozer report.

Assuming that the ALJ's decision is supported by the medical evidence, "substantial evidence alone does not excuse non-compliance with [the regulations] as harmless error." *Blakley v. Commissioner of Social Security*, 581 F.3d 399, 410 (6th Cir. 2009). "A court cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record for the ALJ to discount the [medical source's] opinion and, thus, a different outcome on remand is unlikely." *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546 (6th Cir. 2004). "[A] procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway." *Id*. quoting *Mazaleski v. Treusdell*, 562 F.2d 701, 719 n. 4 (D.C. Cir. 1977).

> The general administrative law rule, after all, is for a reviewing court, in addition to whatever substantive factual or legal review is appropriate, to "set aside agency action . . . found to be . . . without observance of procedure required by law." Administrative Procedure Act, 5 U.S.C. § 706(2)(D) (2001).

*Wilson*, 378 F.3d at 546.

As one court explained,

> Both *Blakley* and *Wilson* addressed the application of the [former] treating physician rule. But their reasoning applies with equal force to the new regulations, which require explanations for determinations that a medical opinion is unpersuasive. Because of the greater latitude afforded ALJs under the new regulations, the importance of cogent explanations is perhaps even more important.

*Hardy v. Commissioner of Social Security*, 554 F. Supp. 3d 900, 908 (E.D. Mich. 2021). See *Wilson C. v. Commissioner of Social Security Administration*, No. 3:20-CV-00457, 2022 WL 4244215 at *7 (S.D. Ohio Sept. 15, 2022) ("In sum, the function and purposes of the mandatory articulation rule in Section 416.920c(b)(2) are similar to those of the good reasons requirement at

7

issue in [*Wilson*, 378 F.3d 541]. Therefore, the *Wilson* harmless error test should also apply to procedural violations of Section 416.920c(b)(2).").

Under the *Wilson* harmless error test,

> An ALJ's failure to explain his consideration of the supportability and consistency factors when determining the persuasiveness of a medical opinion can only be excused as harmless error if: (1) the medical opinion is patently deficient, (2) the ALJ adopted the medical opinion or made findings consistent with the opinion, or (3) the goal of the regulation was otherwise met. *Wilson*, 378 F.3d at 547. Such an error cannot be excused as harmless for other reasons, including where substantial evidence in the record may support the ALJ's conclusion regarding the persuasiveness (or lack thereof) of the medical opinion. *Id*. at 546.

*Wilson C.*, 2022 WL 4244215 at *7. Here, there is no harmless error: the opinions expressed in the Reilly/Lozer report are not patently deficient; the ALJ did not adopt or make findings consistent with those opinion; and the goal of the regulation was not otherwise met.

Accordingly, this matter will be reversed and remanded pursuant to 42 U.S.C. § 405(g). On remand, the Commissioner will be directed to address the opinions set forth in the Reilly/Lozier report as required by 20 C.F.R. § 416.920c.

**B.    The ALJ committed reversible error by failing to find that KA met a listing.**

Plaintiff contends that the claimant met the requirements of Listing 112.05 (Intellectual Disorder). *See* Plaintiff's Brief at PageID.357. The ALJ addressed this listing in pertinent part as follows:

> The claimant intellectual disorder fails to meet listing 112.05 which requires significantly subaverage general intellectual functioning evident in her cognitive inability to function at a level required to participate in standardized testing of intellectual functioning. This is not met as the claimant produced valid scores after being administered IQ testing (Exhibit 3F). The listing could also be met by a full-scale IQ score of 70 or below, which was met on testing, but also requiring significant deficits in adaptive functioning currently manifested by extreme limitations of one or marked limitation of two areas of mental functioning including understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing themselves.

8

> I find the claimant has marked limitations in understanding, remembering, or applying information as supported by her IQ testing as well as below grade level scores in both reading and written language, but the record reflects no more than mild limitations in the remaining areas of functioning.

PageID.37.

"When a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency." *Thacker v. Social Security Administration*, 93 Fed. Appx. 725, 728 (6th Cir 2004).

> For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.

*Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original).   Here, plaintiff did not address the requirements of Listing 112.05 or demonstrate that claimant all of the specified medical criteria of the listing.  Accordingly, plaintiff's claim of error is denied.

> **C.    The ALJ committed reversible error because he failed to properly consider the third-party testimony.**

Both the claimant and plaintiff (her mother) testified at the administrative hearing. PageID.56-94.  Plaintiff contends that the ALJ failed to properly consider her third-party (lay witness) testimony.  For example, plaintiff contends that the ALJ did not indicate the weight assigned to plaintiff's testimony and the evidence that special education services were not available at one of KA's schools.  Plaintiff's Brief at PageID.357.  "If lay witness testimony is provided, the ALJ cannot disregard it without comment, and must give reasons for not crediting the testimony that are germane to each witness." *Maloney v. Commissioner of Social Security*, 480 F. Appx. 804, 810 (6th Cir. 2012).

9

Here, the ALJ addressed plaintiff's testimony throughout the decision. For example: plaintiff testified that KA has trouble in school as a result or her learning disability (PageID.38); "[t]he claimant's mother testified the claimant probably needs special educational services, but the record does not suggest she has requested an evaluation from the school or additional support services due to having trouble with her coursework" (PageID.40); "[w]hile her mother indicates she does not engage socially outside of school, the claimant testified to relationships in the school setting" (*id*.); "the claimant's mother testified the claimant will report completing her homework but knowing she had not submitted it" (PageID.43); and, "[t]he claimant endorsed having a few friends at school, but her mother testified she does not have friends over but will hang out with her cousins and go to her grandmother's house." (PageID.45). Based on this record, the ALJ did not disregard plaintiff's testimony. Rather, the ALJ considered plaintiff's testimony in evaluating claimant's functional equivalence. Accordingly, plaintiff's claim of error is denied.

## IV.   CONCLUSION

For these reasons, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate the opinions set forth in the Reilly/Lozier report pursuant to 20 C.F.R. § 416.920c. A judgment consistent with this opinion will be issued forthwith.

Dated:  November 4, 2024  /s/ Ray Kent
　　　　　　　　　　　　　　　　　　　RAY KENT
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge